# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GUY CRISTMAN ABSHER, | CASE NO. 16cv0614-WQH-KSC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NANCY BERRYHILL, acting Commissioner of Social Security, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 18) issued by United States Magistrate recommending that this Court grant Plaintiff's Motion for Summary Judgment (ECF No. 12) and deny Defendant's Cross-Motion for Summary Judgment (ECF No. 15).

## I. Background

On February 10, 2012, Plaintiff filed an application for disability insurance benefits, alleging disability beginning June 1, 2010. Plaintiff's application was denied at the initial level and upon reconsideration.

On July 18, 2014, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 1, 2010. The ALJ found that Plaintiff has the following severe impairments: status-post left arm amputation, thrombocytosis, osteoarthritis of the left hip, chronic pain syndrome, degenerative disc disease of the cervical spine, history of anterior cervical fusion, pitting edema,

congestive heart failure, adjustment disorder with mixed anxiety and depressed mood, major depressive disorder, posttraumatic stress disorder, and dysthymic disorder. The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. The ALJ found that Plaintiff

> has the residual functional capacity to perform light work . . . Specifically, he does not have any functional use of non-dominant left upper extremity; he is precluded from climbing ladders, ropes, and scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he should avoid working around unprotected heavy machinery, or unprotected heights; he can understand, remember, and carry out simple job instructions; he can maintain attention and concentration to complete, simple, routine, repetitive tasks; he can have frequent interaction with coworkers, supervisors, and the general public; he can work in an environment with occasional changes in work setting and occasional work related decisionmaking.

AR 33. The ALJ found at step four that Plaintiff was capable of performing his past relevant work as a touch-up painter and further found at step five that Plaintiff has the residual functional capacity to make a successful adjustment to other work that exists in significant numbers in the national economy, specifically a host, a barker and a school bus monitor. The Appeals Council denied Plaintiff's request for further review.

Plaintiff subsequently filed a Complaint pursuant to 42 U.S.C. § 405(g) of the Social Security Act seeking review of the final decision denying his application for disability insurance benefits and supplemental security income.

On July 17, 2017, the Magistrate Judge issued the Report and Recommendation. (ECF No. 18). The Magistrate Judge found that the ALJ erred in concluding that Plaintiff retained the residual functional capacity to perform his past relevant work of touch-up painter as generally or as actually performed. The Magistrate Judge found that the determination of the ALJ at step five that Plaintiff can perform other work as a barker or a host was not supported by substantial evidence. The Magistrate Judge concluded that the record did not establish that Plaintiff has the residual functional capacity for level three reasoning required for the position of barker and host. The Magistrate Judge further concluded that the error was harmless because the

1 determination of the ALJ that Plaintiff can perform other work as a school bus monitor
2 was supported by substantial evidence.

**II. Review of the Report and Recommendation**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

The Court has reviewed the Report and Recommendation, the decision of the ALJ, the administrative record, and the submissions of the parties. The Court concludes that the record supports the finding of the Magistrate Judge that the ALJ made a legal error at step four concluding that Plaintiff "retains the functional capacity to perform the work of touch-up painter as generally or actually performed." (ECF No. 18 at 19). The Court further concludes that the record supports the finding of the Magistrate Judge that "the ALJ's determination [at step five] that plaintiff can perform other work as a barker or a host is not supported by substantial evidence." *Id*. at 21. The Court adopts the Report and Recommendation as follows: Page 1 line 17 though Page 2 line 14; Page 2 line 19 through Page 15 line 7; Page 15 line 12 through Page 19 line 10; Page 19 line 16 through Page 21 line 7.

**School Bus Monitor**

Plaintiff contends that the DOT description of school bus monitor requires dealing with the general public to an extent that exceeds Plaintiff's residual functional capacity. Plaintiff asserts that the conclusion of the ALJ that "he can have frequent interaction with coworkers, supervisors, and the general public" is not supported by substantial evidence in the record. (AR 33). Defendant contends that the "ALJ sufficiently fulfilled his step five burden by finding that Plaintiff could perform work as a school bus monitor." (ECF No. 15-1 at 13).

The ALJ found that Plaintiff's residual functional capacity specifically included the ability to "have frequent interaction with coworkers, supervisors, and the general public." (AR 33). The ALJ stated in part:

> In determining the claimant's mental residual functional capacity, the undersigned gives significant weight to the opinions of the State agency psychologists (Ex. 1A, Ex. 2A, Ex. 5A, and Ex. 6A). These opinions are consistent with the sporadic and intermittent mental health treatment received by the claimant. The undersigned notes there is no medical source statement from any source that suggests functional limitations more restrictive than the residual functional capacity found in this decision.

(AR 38). The ALJ found serious impairments of adjustment disorder with mixed anxiety and depressed mood, major depressive disorder, posttraumatic stress disorder, and dysthymic disorder. Plaintiff's mental status examinations throughout the record indicates underlying depression and depressed mood. Each of the exhibits relied upon by the ALJ indicate significant impairments of depression with anxiety, suicidal thoughts, and trouble sleeping. (AR 83, 94, 116, 131). Each of these exhibits indicates that Plaintiff's "ability to interact appropriately with the general public" is "moderately limited." (AR 90, 115, 122, 137). The "Medicine" section of the Disability Report states that Plaintiff was taking three prescribed medication for pain, depression, and sleep. (AR 252-53). The medical evidence in the record does not support the conclusion that Plaintiff's mental health has improved to support the finding that Plaintiff do work which requires frequent interaction with public.[1]

The testimony of the vocational expert conclusively establishes that the position of school bus monitor requires frequent interaction with the public and required temperament for dealing with people. The vocational expert testified that the position is precluded if the hypothetical is modified "from occasional to frequent dealing with the general public." (AR 76). *See Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (reversing the ALJ decision and remanding where job categories that the ALJ found suitable were inconsistent with plaintiff's documented impairments). The Court

---

[1] Plaintiff's highest GAF score was 55. (Ex. 11F/6). "A GAF score of 51-60 indicated moderate symptoms . . . moderate difficulty in social, occupational . . . functioning." (AR 37).

concludes that the ALJ's determination that Plaintiff has the residual functional capacity to perform work as a school bus monitor is not supported by substantial evidence in the record. Defendant has not carried the burden at step five to show that Plaintiff's impairments do not prevent him from doing other work. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003) ("[A]t this last step the burden of proof shifts from the claimant to the government."). The Court will remand for further proceedings. *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statue unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

**III. Conclusion**

IT IS HEREBY ORDERED that

(1) the Report and Recommendation (ECF No. 18) is adopted in part as follows: Page 1 line 17 though Page 2 line 14; Page 2 line 19 through Page 15 line 7; Page 15 line 12 through Page 19 line 10; Page 19 line 16 through Page 21 line 7, and not adopted as to all other parts;

(2) the motion for summary judgment (ECF No. 12) filed by Plaintiff is granted;

(3) the cross-motion for summary judgment (ECF No. 15) filed by Defendant is denied.

The decision of the ALJ is reversed and remanded for further proceedings. The Clerk of the Court shall enter judgment in favor of Plaintiff.

DATED: September 21, 2017

**WILLIAM Q. HAYES**
United States District Judge